## CIRCUIT COURT OF THE CITY OF RICHMOND

Lyle E. Browning

v.

Ethel R. Eaton

July 13, 1995

Case No. LU-4009-3

BY JUDGE MELVIN R. HUGHES, JR.

After a three day trial in this case resulted in a hung jury in March, 1994, the parties have agreed to submit the matter to the court on retrial without a jury.[1] They have stipulated to the evidence in the March, 1994 trial transcript and filed briefs in support of their respective positions.

Plaintiff alleges that the defendant intentionally and wrongfully interfered with contracts and business expectancies. This, he alleges, led to a breach or nonfulfillment of those contracts or expectancies, resulting in damages. The factual background is as follows.

Plaintiff is a self employed archaeologist. Defendant is a project Review Officer of the Virginia Department of Historic Resources (DHR). Plaintiff does archaeology work on a consulting basis for project applicants whose projects may affect historic and cultural resources. When any such person, company, or entity wishes to engage in any work that may affect such resources, federal law requires the appropriate federal agency to consult with the appropriate state agency to determine if the project may have an impact on the state's historic resources.

---

[1] At the end of plaintiff's case-in-chief and at the end of all the evidence the court took defendant's motions to strike under advisement.

Plaintiff was engaged by Virginia Power to do field archaeological work when Virginia Power decided to run new power lines through fields and forests in Chesterfield County. Once the necessary field work is completed, the consultant draws a written report to assist the federal government in determining and identifying archaeological sites that may be affected according to federal government guidelines. Here, when plaintiff submitted his report, defendant conducted an initial review after which, in the normal course, she furnished it to the Evaluation Committee of DHR for action. After the DHR Evaluation Committee found plaintiff's initial report unsatisfactory, Virginia Power had plaintiff submit additional reports which the Committee also found unsatisfactory. This caused Virginia Power to be delayed in getting the needed permit for the project. Later, Virginia Power decided to employ another consultant to develop and furnish the needed report. Plaintiff alleges that defendant engaged in "bad-mouthing" him and that as a result Virginia Power did not allow him to continue on the project and would not hire him again in the future.

Plaintiff also alleges that defendant improperly interfered with a business expectancy of archaeological work with Archaeological Associates, a sole proprietorship owned by David Van Horn. Van Horn was interested in getting a Virginia archaeologist to do work on a proposed generating plant in Altavista and Buena Vista, Virginia. Since Van Horn had not been to Virginia before, he inquired about possible candidates and obtained plaintiff's name. Van Horn testified he contacted defendant to get approval of plaintiff and defendant advised him that plaintiff "owed her a report." Defendant, although recalling meeting Van Horn, denied ever discussing plaintiff with Van Horn.

Plaintiff put into evidence a September, 1991 DHR memorandum stating the department's policy regarding the treatment of consultants. The memorandum mentions that a consultant had expressed concern over DHR personnel making negative comments to clients and potential clients to persuade them not to hire a consultant. The memo went on to say that while DHR maintains a list of approved consultants for project applicants' information, persons employed with DHR should not make any personal recommendation or opinions about a consultant. The memo reminded DHR employees that the consultant list was for the purpose of telling whether the consultant meets standards, whether the consultant has done work previously, and what the evaluation of that work has been.

Plaintiff's chief complaint about defendant and the basis for this lawsuit is the claim that defendant told others he was not competent or qualified to

do archaeological surveys and that she led potential clients not to hire him by negative comments. The court believes that the evidence is insufficient to find that defendant wrongfully interfered with any contract or business expectancy plaintiff had and that in this case an expectancy for business is too remote or speculative for such claim.

With regard to Virginia Power, plaintiff points to contacts Virginia Power personnel had with defendant during the time there was difficulty getting the project plaintiff was working on approved. When a Virginia Power employee in charge of monitoring the project inquired why the project had not yet been approved, defendant mentioned the DHR list of consultants stating she could not recommend or not recommend anyone on the list. The fact that the Virginia Power employee came away with an impression that defendant did not have a favorable impression of plaintiff is not evidence of wrongful conduct improperly interfering with plaintiff's contract with Virginia Power. There was no testimony that defendant ever told anyone at Virginia Power not to hire or use plaintiff. The evidence shows that the Evaluation Committee, not defendant, thought plaintiff's work in the reports he filed inadequate. Even if defendant could somehow be seen as suggesting that plaintiff's work was inadequate, the findings of the Committee in not accepting plaintiff's reports is the operative fact in Virginia Power's decision not to continue with plaintiff. In addition, the record shows that Virginia Power compensated plaintiff for all the work he did. There was also testimony that Virginia Power would employ plaintiff or any other consultant in the future only when the need arose. Any work or contracts with Virginia Power in the future are too remote to be evidence of loss of a business expectancy.

With regard to Van Horn, the evidence revealed that there was no present contract with which defendant could have entered. Rather, the claim plaintiff wishes to advance is that defendant interfered with a business expectancy. But there is no evidence that Van Horn had settled on plaintiff or anyone to hire for any work. At best Van Horn was contemplating who he might hire and sought out defendant to get some ideas. If the statement attributed to defendant that she was waiting for a report from plaintiff is to be believed this alone cannot constitute interference.

In order to mount a claim for tortious interference with contract there must be proof of a (1) valid contract or expectancy, (2) defendant's knowledge of the contract or expectancy, (3) intentional interference with the contract causing the breach, (4) interference by improper means and (5) resulting damages. *Duggin v. Adams*, 234 Va. 221, 226 (1987); *Chaves v.*

*Johnson*, 230 Va. 112, 120 (1985). When the contract is at will as is the case with plaintiff's contract with Virginia Power, there must be evidence that not only did the defendant act intentionally to interfere but that the defendant employed improper means. *Duggin* at 227. As to Virginia Power while there is evidence of a contract between it and plaintiff, there is no evidence that the continuation of the contract was lost because of anything defendant did. Nor is there any evidence of a loss of business expectancy with Virginia Power. Although there is evidence that Virginia Power told defendant they had employed plaintiff for archaeological work in the past, there is no evidence that defendant knew of any business expectancy plaintiff had with Virginia Power for future work. There is no evidence that defendant intentionally interfered. There is no evidence that defendant employed any improper means to defeat plaintiff's interests and no evidence of damages. Again, the Committee's disapproval of plaintiff's work was the reason for plaintiff's not being able to continue on in the contract he had with Virginia Power, not anything the defendant may have done.

Regarding Van Horn, in addition to no evidence of anything intentional or wrongful on defendant's part toward plaintiff, there is no evidence of any business expectancy that was lost.

For these reasons defendant shall have judgment.